# EXHIBIT B

1  Jeremy F. Bollinger (SBN 240132)
   Ari E. Moss (SBN 238579)
2  Dennis F. Moss (SBN 77512)
   Kiara Bramasco (SBN 322600)
3  MOSS BOLLINGER LLP
   15300 Ventura Blvd., Ste. 207
4  Sherman Oaks, California 91403
   Telephone: (310) 982-2984
5  Facsimile: (818) 963-5954
   jeremy@mossbollinger.com
6  ari@mossbollinger.com
   dennis@mossbollinger.com
7  kiara@mossbollinger.com

8  Attorneys for Plaintiffs DAMARIS ROMAN
   And JOHNNIE CORINA III

ELECTRONICALLY FILED
2/26/2021 4:09 PM
Kern County Superior Court
By Sophia Munoz Alvarez, Deputy

9

## SUPERIOR COURT OF CALIFORNIA

10

## COUNTY OF KERN

11

12

13  DAMARIS ROMAN and JONNIE CORINA
    III, individually and on behalf of other persons
    similarly situated,

14

15              Plaintiffs,

16       vs.

17  AMAZON.COM SERVICES, LLC, a
    Delaware limited liability company; and DOES
18  1-50, inclusive,

19              Defendants.

20

21

22

23

24

25

26

27

28

Case No.: BCV-21-100433

CLASS ACTION

COMPLAINT FOR DAMAGES:

1.  **FAILURE TO PAY ALL PREMIUM WAGES [Cal. Labor Code §§ 226.7 and 512];**
2.  **FAILURE TO PAY ALL WAGES DUE AND OWING ON SEPARATION FROM EMPLOYMENT [Cal. Labor Code §§ 201-203];**
3.  **UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code §§ 17200]**

**DEMAND FOR JURY TRIAL**

COMPLAINT

1    Plaintiffs DAMARIS ROMAN and JOHNNIE CORINA III (collectively, "Plaintiffs") on

2    behalf of themselves, and all others similarly situated, complain and allege as follows:

3    <u>**INTRODUCTION**</u>

4    1.    This is a class action lawsuit brought on behalf of Plaintiffs and other similarly

5    situated persons who work or worked for Defendant Amazon.com Services, LLC ("Amazon" or

6    "Defendant") who earned non-discretionary compensation in addition to base hourly wages,

7    including but not limited to shift differentials or non-discretionary incentive bonuses, and were

8    subject to the policies of practices described herein.  Plaintiff's claims for meal and rest period

9    violations, waiting time penalties, and unfair competition arise from Defendant's failure to factor

10    non-discretionary compensation into the calculation of the regular rate of pay for the payment of

11    break violation premiums under Labor Code § 226.7 and 512 and the payment of Paid Sick

12    Leave under Labor Code § 264. Under Code of Civil Procedure § 382, Plaintiffs seek classwide

13    remedies for inadequate penalties paid for meal and rest period violations, waiting time penalties

14    in the form of continuation wages for failure to timely pay employees all wages upon cessation

15    of employment, restitution of unpaid sick leave wages, other equitable relief, reasonable

16    attorneys' fees and costs.

17    <u>**JURISDICTION AND VENUE**</u>

18    2.    This Court has jurisdiction over this action under Article 6 of the California

19    Constitution and California Code of Civil Procedure § 410.10.

20    3.    This Court has jurisdiction over Plaintiffs' and Class Members' claims under

21    California Code of Civil Procedure §§ 201-203, 218 and 246.

22    4.    This Court has jurisdiction over Plaintiffs' and the Class Members' claims for

23    restitution of unpaid wages and other ill-gotten benefits arising from Defendants' unlawful

24    and/or unfair business practices under California Business & Professions Code §§17200 *et seq.*

25    5.    Venue is proper in this judicial district, pursuant to California Code of Civil

26    Procedure § 395.5 because the acts alleged herein, in part, took place in Kern County, California.

27

28

1<br>**COMPLAINT**

**PARTIES**

6.      Plaintiff DAMARIS ROMAN is a resident of Kern County, California.  Plaintiff Roman was employed by Defendants on an hourly basis at the Amazon distribution center in Bakersfield, California, from September 2020 until January 2021.

7.      Plaintiff JOHNNIE CORINA III is a resident of Riverside County, California Plaintiff Corina was employed by Defendants on an hourly basis at the Amazon distribution center in Riverside, California, from October 2019 through October 2020.

8.      Plaintiffs appear in this action on behalf of themselves and on behalf of all others similarly situated.

9.      Defendant AMAZON.COM SERVICES, LLC ("Amazon") is a Delaware limited liability company that does business throughout California.

10.      Plaintiffs are informed and believe that DOES 1 through 50 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiffs.

11.      Plaintiffs are unaware of the true names of Defendants DOES 1 through 50. Plaintiffs sue said defendants by said fictitious name and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.  Plaintiffs are informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

12.      All of the acts and failures to act alleged herein were duly performed by and were attributable to all Defendants, each acting as a joint employer, successor, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such   agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint

2
**COMPLAINT**

1    to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to

2    mean the acts and failures to act of each Defendant acting individually, jointly and/or severally.

3         13.     Plaintiffs make the allegations in this complaint without any admission that, as to

4    any particular allegation, Plaintiffs bear the burden of pleading, proving, or persuading, and

5    Plaintiffs reserve all of Plaintiffs' rights to plead in the alternative.

6         14.     Amazon and DOES 1-50 are collectively referred to herein as "Defendants".

7    **GENERAL FACTUAL ALLEGATIONS**

8         15.     **Facts Related to Defendants' Calculation of Paid Sick Leave Wages**: During

9    their employment with Amazon, Plaintiffs and members of the Paid Sick Leave Class were

10   entitled to "paid sick days" pursuant to the California Healthy Workplaces, Healthy Families Act

11   of 2014, California Labor Code sections 245, et seq.

12        16.     Labor Code section 246(l) requires that employers pay sick time pay to non-

13   exempt employees at the employee's "regular rate of pay." Employers may either calculate "paid

14   sick days" for non-exempt employees in California at the regular rate of pay for the workweek in

15   which the employee uses paid sick time or by dividing the employee's total wages, not including

16   overtime premium pay, by the employee's total hours worked in the full pay periods of the prior

17   90 days of employment. Labor Code § 246(l)(1-2). The "regular rate of pay" includes all

18   remuneration for employment paid to the employee and includes, but is not limited to, shift

19   differentials and non-discretionary incentive bonuses.

20        17.     During the relevant period, Plaintiffs and other members of the Paid Sick Leave

21   Class accrued and took paid sick leave. However, Defendants failed to include such non-

22   discretionary remuneration, including shift differentials, when determining the "regular rate of

23   pay" for Plaintiffs and other members of the Paid Sick Leave Class for purposes of sick time pay

24   when Plaintiffs and other Members of the Paid Sick Leave Class were paid sick time pay and

25   shift differentials in the same relevant period. Instead, Defendants only paid Plaintiffs and other

26   members of the Paid Sick Leave Class paid sick leave at their base hourly rate, rather than at

27   their "regular rate of pay."

28

3<br>**COMPLAINT**

18.   **Facts Related to Defendants' Calculation of Meal and Rest Period Premiums**: Wage Order 9-2001(11) provides: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's *regular rate of compensation* for each workday that the meal period is not provided." Wage Order 9-2001(11)(B), (12)(B) (same re rest periods) (emphasis added); *see also* Labor Code § 226.7(c) ("If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, ..., the employer shall pay the employee one additional hour of pay at the employee's *regular rate of compensation* for each work day that the meal or rest period is not provided." (Emphasis added)).

19.   During the relevant period, Defendants paid premium wages to Plaintiffs and other members of the Break Premium Class for violations of the California's meal and rest break laws. However, Defendants paid Plaintiffs and other members of the Break Premium Class one hour of pay at their base hourly rates when compensating those employees for violations of the meal and rest period requirements, including in periods when the employees earned shift differentials and other forms of remuneration required to be factored into an employee's regular rate of compensation.

20.   On October 9, 2019, the California Court of Appeal for the Second Appellate District, Division 3, ruled, in a 2-1 decision, that the one hour of pay premium at the "regular rate of compensation" pursuant to Labor Code 226.7 payable to employees for each break violation should be paid at their base hourly rate without factoring in other forms of wages. *Ferra v. Loews Hollywood Hotel, LLC,* 40 Cal. App. 5th 1239 (2019). The California Supreme Court granted review in *Ferra* on January 22, 2020, and it is anticipated the Supreme Court will be deciding whether or not to reverse the Court of Appeal majority opinion in the next 18 months, finding that other forms of wages must be factored into the "regular rate." Briefing of the parties and amici in *Ferra* has been completed. Counsel for Plaintiffs herein is counsel for the Plaintiff/Appellant in *Ferra*.

4
**COMPLAINT**

1

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

2      21.    Plaintiffs bring this action on behalf of themselves, on behalf of all others

3  similarly situated, and as members of Classes defined as follows:

4      a.  Paid Sick Leave Class: All current and former non-exempt employees of

5          Defendants in California who used paid sick leave within the four years

6          preceding the filing of the Complaint through the date Notice is mailed to the

7          members of this class and either (a) earned some form of non-discretionary

8          wages in addition to base hourly wages (including but not limited to shift

9          differentials and non-discretionary incentive bonuses) for the workweek in

10         which the employee used the paid sick leave or (b) earned some form of non-

11         discretionary wages in addition to base hourly wages (including but not

12         limited to shift differentials and non-discretionary incentive bonuses) for the

13         full pay periods of the 90 days prior to the employee's use of the paid sick

14         leave.

15     b.  Break Premium Class: All current and former non-exempt employees of

16         Defendants in California for whom Defendants' payroll records show they

17         earned base hourly wages, additional non-discretionary wages (including but

18         not limited to shift differentials and non-discretionary incentive bonuses), and

19         meal period and/or rest period premium wages during the same pay period at

20         any time during the four years preceding the filing of the Complaint through

21         the date Notice is mailed to the members of this Class.

22     c.  Waiting Time Penalty Class: Members of the Paid Sick Leave Class and

23         members of the Break Premium Class whose employment by Defendants

24         ended during the three years preceding the filing of the Complaint through the

25         date Notice is mailed to the members of this Class.

26     22.    This action has been brought and may be properly maintained as a class action

27  pursuant to the provisions of California Code of Civil Procedure § 382 and other applicable law.

28

5<br>COMPLAINT

23.     **Numerosity:** Code of Civil Procedure § 382: members of the Classes are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are unknown to Plaintiffs.  However, Plaintiffs are informed and believe that the number can be obtained from Defendants' records.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

24.     **Existence of Predominance of Common Questions of Fact and Law:**  Code of Civil Procedure § 382:  Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions effecting only individual members of the class. These common factual and legal questions include:

    (a) Whether Defendants' failure to factor non-discretionary remuneration, such as shift differentials and other forms of compensation paid to class members, into the payment of premium wages for break violations violated Labor Code § 226.7(c) and the applicable IWC Wage Orders;

    (b) Whether Defendants' failure to factor non-discretionary remuneration, such as shift differentials and other forms of compensation paid to class members, into the regular rate of pay for paid sick leave violated Labor Code §§ 245, et seq., and the applicable IWC Wage Orders;

    (c) Whether Defendants willfully failed to provide class members who ceased employment with Defendants all wages owed at the time of the cessation of the employee-employer relationship;

    (d) Whether Defendants committed unlawful business practices or acts within the meaning of Business & Professions Code Sects. 17200 *et seq.*;

    (e) Whether, as a consequence of Defendants' unlawful conduct, the members of the Classes are entitled to restitution, and/or equitable relief;

    (f) Whether Defendants' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiffs and the class members as a whole.

6
COMPLAINT

25.     **Typicality:** Plaintiffs' claims are typical of the claims of the members of each Class because Plaintiffs, as hourly paid employees, were exposed to the same unlawful business practices as the members of the classes. Plaintiffs sustained the same types of injuries and losses that the class members sustained. Plaintiffs are subject to the same affirmative defenses as the members of the class.

26.     **Adequacy:** Plaintiffs will adequately and fairly protect the interests of the members of the Classes. Plaintiffs have no interest adverse to the interests of absent Class members. Plaintiffs are represented by legal counsel who has substantial class action experience in civil litigation and employment law.

27.     **Superiority:** A class action is superior to other available means for fair and efficient adjudication of the claims of the Classes and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

## FIRST CAUSE OF ACTION

**FAILURE TO PAY ALL PREMIUMS FOR MEAL AND REST PERIOD VIOLATIONS**

**(Cal. Lab. Code §§ 226.7 and 512; IWC Wage Order 9-2001(11-12))**

**(By Plaintiffs and the Break Premium Class Against Defendants)**

28.     Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

7

**COMPLAINT**

29.     At all relevant times, Plaintiffs and the other members of the Break Premium Class were employees of Defendants covered by Labor Code Section 226.7 and the applicable Wage Orders, including Wage Order 9-2001.

30.     Pursuant to Labor Code Section 226.7 and section 12 of Wage Order 9-2001, Plaintiffs and the other members of the Break Premium Class were entitled to rest periods of at least 10 minutes for each four-hour period of work, or major fraction thereof, and one hour of additional pay (i.e., premium) for every day a required rest period was not provided.

31.     Pursuant to Labor Code Sections 226.7 and 512, and section 11 of Wage Order 9-2001, Plaintiffs and the other members of the Break Premium Class were entitled to a meal period of at least 30 minutes for each workday they worked more than 5 hours in any workday, and one additional hour of pay (i.e., premium) for every day that a timely meal period was not provided.

32.     When Defendants failed to allow Plaintiffs and other members of the Break Premium Class to take their meal and/or rest periods in accordance with Labor Code Section 226.7 and Wage Order 9-2001, Defendants maintained a policy or practice of paying break premiums in amounts that only included "base hourly wages" in the "regular rate" calculation and did not factor in other non-discretionary wages as required by Labor Code Section 226.7 and Wage Order 9-2001.

33.     During the period in which Defendants did not provide Plaintiffs and members of the Break Premium Class all compliant rest and/or meal periods, Defendants failed to provide Plaintiffs and other members of the Break Premium Class the additional hour of pay required by Labor Code Section 226.7 and Wage Order 9-2001 at the "regular rate" by failing to factor into the additional hour all elements of wages earned by Break Premium Class Members into the "regular rate."

34.     As a result of Defendants' unlawful conduct, Plaintiffs and other members of the Break Premium Class have suffered damages in an amount, subject to proof, to the extent they were not paid all premium wages owing for meal and rest period violations.

8
**COMPLAINT**

35. Pursuant to Labor Code Section 218, Plaintiffs and other members of the Break Premium Class are entitled to recover the full amount of their unpaid additional pay for meal and rest period violations. Pursuant to Labor Code Section 218.5, Plaintiffs and other members of the Break Premium Class are entitled to recover their reasonable attorneys' fees and costs of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiffs and other members of the Break Premium Class are entitled to recover prejudgment interest on the additional pay owed for meal and rest period violations.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE AND OWING ON SEPARATION FROM EMPLOYMENT

### (Cal. Labor Code §§ 201-203)

### (By Plaintiffs and the Waiting Time Penalty Class Against Defendants)

36. Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs, as though they are set forth in full.

37. Plaintiffs and the other members of the Waiting Time Penalty Class were employees of Defendants covered by Labor Code Sections 201 or 202 whose employment with Defendants ended during the relevant class period.

38. Pursuant to Labor Code Sections 201 or 202, Plaintiffs and other members of the Waiting Time Penalty Class were entitled upon cessation of employment with Defendants to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

39. As alleged above, Defendants failed to pay Plaintiffs and other members of the Waiting Time Penalty Class all wages earned and unpaid prior to termination, including sick pay

9

COMPLAINT

1  wages and break premium wages at the time of the cessation of the employee-employer

2  relationship in accordance with Labor Code Section 201 or 202.  (According to the California

3  Supreme Court, sick pay is a form of wages. *Murphy v. Kenneth Cole Prods.*, 40 Cal.4th 1094,

4  1103 (2007).) Plaintiffs are informed and believe and thereon allege that at all relevant times

5  within the applicable limitations period, Defendants maintained and continue to maintain a

6  policy or practice of not paying terminated employees all their final wages, including sick pay

7  wages and break premium wages, earned before termination due under Labor Code Section 201

8  or 202.

9       40.    Defendants' failure to pay Plaintiffs and members of the Waiting Time Penalty

10 Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202

11 was willful.  Defendants had the ability to pay all wages earned by employees prior to

12 termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted

13 policies or practices incompatible with the requirements of Labor Code Sections 201 or 202.

14      41.    Pursuant to Labor Code Section 201 or 202, Plaintiffs and other members of the

15 Waiting Time Penalty Class are entitled to all wages earned prior to termination that Defendants

16 failed to pay them.

17      42.    Pursuant to Labor Code Section 203, Plaintiffs and other members of the Waiting

18 Time Penalty Class are entitled to continuation of their wages, from the day their earned and

19 unpaid wages were due upon termination until paid, up to a maximum of 30 days.

20      43.    As a result of Defendants' conduct, Plaintiffs and other members of the Waiting

21 Time Penalty Class have suffered damages in an amount, subject to proof, to the extent they

22 were not paid for all wages earned prior to termination.

23      44.    As a result of Defendants' conduct, Plaintiffs and members of the Waiting Time

24 Penalty Class have suffered damages in an amount, subject to proof, to the extent they were not

25 paid all continuation wages owed under Labor Code Section 203.

26      45.    Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and other members of

27 the Waiting Time Penalty Class are entitled to recover the full amount of their unpaid wages,

28

10
**COMPLAINT**

1  continuation wages under Labor Code Section 203, reasonable attorneys' fees and costs of suit.

2  Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiffs and other

3  members of the Waiting Time Penalty Class are entitled to recover prejudgment interest on the

4  amount of their unpaid wages and unpaid continuation wages.

5  <u>THIRD CAUSE OF ACTION</u>

6  **FOR RESTITUTION OF UNPAID WAGES PURSUANT TO BUSINESS AND**

7  **PROFESSIONS CODE SECTION 17200**

8  **(UNFAIR COMPETITION)**

9  **(By Plaintiffs and the Classes Against Defendants)**

10  46.  Plaintiffs re-allege and incorporate by reference all of the foregoing paragraphs,

11  as though they are set forth in full.

12  47.  Beginning at an exact date unknown to Plaintiffs, Defendants engaged in unfair

13  competition as defined in California Business and Professions Code section 17200.

14  48.  Section 17200 provides a private cause of action for any "unlawful, unfair or

15  fraudulent business practice and unfair, deceptive, untrue or misleading advertising."

16  49.  At all times relevant to this action, Plaintiffs and other members of the Classes

17  were employees of Defendants entitled to the benefits of Labor Code sections 201-203, 226.7,

18  246 and 512.

19  50.  During the relevant time period, Defendants intentionally and willfully failed to

20  pay Plaintiffs and other members of the Paid Sick Leave Class their sick pay wages at the rate of

21  pay required by law. Accordingly, Plaintiffs and other members of the Paid Sick Leave Class did

22  not receive the full amount of paid sick time that they were entitled to receive by law.

23  51.  During the relevant time period, Defendants intentionally and willfully failed to

24  pay Plaintiffs and other members of the Break Premium Class their meal and rest break premium

25  wages at the rate of pay required by law. Accordingly, Plaintiffs and other members of the Break

26  Premium Class did not receive the full amount of premium wages that they were entitled to

27  receive by law.

28

11<br>**COMPLAINT**

52.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and other members of the Waiting Time Penalty Class the full amount of their sick pay wages and/or premium wages upon the separation of employment by Defendants and, thereafter, failed to pay waiting time penalties pursuant to Labor Code section 203 to the members of the Waiting Time Penalty Class. Accordingly, Plaintiffs and members of the Waiting Time Penalty Class did not receive all of the wages they were entitled to receive by law.

53.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to its unlawful and unfair business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations under the Labor Code.

54.     As a result of Defendants' unfair competition as alleged herein, Plaintiffs and other members of the Classes have suffered injury in fact and lost money or property. Plaintiffs and members of the Classes have been deprived of their rights to all paid sick leave wages owed to them, additional premium wages for meal and rest period violations; and/or timely payment of all earned wages due upon termination of employment.

55.     Pursuant to Business and Professions Code section 17203, Plaintiffs and other members of the Classes are entitled to restitution of the amount of sick time pay by which Defendants underpaid them, the amount of the premium wages by which Defendants underpaid them, and to their reasonable attorneys' fees and costs under Code of Civil Procedure section 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated, prays for relief and judgment against Defendants as follows:

### CLASS CERTIFICATION:

1.     An order that the action be certified as a class action;

2.     An order that Plaintiffs be certified as the representatives of the Classes;

3.     An order that counsel for Plaintiffs be confirmed as Class counsel;

## ON THE FIRST CAUSE OF ACTION:

1.     Damages for unpaid premiums for meal and rest period violations;

2.     Prejudgment interest;

## ON THE SECOND CAUSE OF ACTION:

1.     Damages for unpaid wages earned prior to termination of employment;

2.     Damages for unpaid continuation wages owed for failing to pay all earned wages timely upon termination of employment;

3.     Prejudgment interest;

## ON THE THIRD CAUSE OF ACTION:

1.     Restitution of all underpayment of paid sick leave wages by Defendants to Plaintiffs and members of the Paid Sick Leave Class;

2.     Restitution of all underpayment of premium wages by Defendants to Plaintiffs and members of the Break Premium Class;

3.     Prejudgment interest;

## ON ALL CAUSES OF ACTION:

1.     Judgment in favor of Plaintiffs and the putative Classes and against Defendants;

2.     Reasonable attorneys' fees;

3.     Costs of suit; and

4.     Such other relief as the Court deems just and proper.

Dated: February 26, 2021                    MOSS BOLLINGER LLP

By:_____

Jeremy F. Bollinger
Attorneys for Plaintiffs Damaris Roman
and Johnnie Corina III

13
**COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs demand a trial by jury for themselves and the Classes on all claims so triable.

3    Dated: February 26, 2021                    MOSS BOLLINGER LLP

4

5

6                                               By:_____
                                                Jeremy F. Bollinger
7                                               Attorneys for Plaintiffs Damaris Roman
                                                and Johnnie Corina III
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

**COMPLAINT**