UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMARIS ROMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>        Defendant. | Case No.: 1:21-cv-0667 JLT<br><br>ORDER DENYING DEFENDANT'S MOTION TO TRANSFER AND GRANTING A STAY<br><br>(Doc. 17) |

      Damaris Roman and Johnnie Corina III assert they suffered wage and hour violations while employees of Amazon.com Services, LLC., and seek to represent a class of similarly situated individuals. Amazon seeks to have the action transferred to the Central District of California, where two similar class actions are pending. In the alternative, Amazon requests the matter be stayed pending resolution of the similar proceeding both in the Eastern District and Central District. Finally, if the Court was not inclined to either transfer or stay the matter, Amazon seeks partial dismissal of Plaintiffs' claims under Rule 12(b)(6). (Doc. 17.) Plaintiffs oppose the motion, asserting the Court should neither transfer nor stay the action, and the facts alleged are sufficient to support a claim. (Doc. 24-3.)

      For the reasons set forth below, the motion to transfer the action is **DENIED**, and the request to stay the matter is **GRANTED**.[1]

---

[1] Based upon this finding, the Court declines to address parties' arguments related to dismissal.

1

**I.     Background**

Damaris Roman was employed by Amazon on an hourly basis at its distribution center in Bakersfield, California. (Doc. 1-4 at 4, ¶ 6.) Johnnie Corina III was employed by Amazon at a distribution center in Riverside, California. (*Id.*, ¶ 7.) Plaintiffs report they were both employed "on an hourly basis." (*Id.*, ¶¶ 6-7.)

Plaintiffs report they "accrued and took paid sick leave" during their employment. (Doc. 1-4 at 5, ¶ 17.) Plaintiffs observe that under Cal. Lab. Code § 246(l), employers must "pay sick time pay to non-exempt employees at the employee's 'regular rate of pay.'" (*Id.* at 5, ¶ 16.) Plaintiffs contend Amazon failed to properly calculate their "regular rate of pay" because "non-discretionary renumeration," such as shift differentials, were not included in the sick time pay. (*Id.*, ¶¶ 16-17.) Instead, Plaintiffs allege Amazon "only paid Plaintiffs and other [putative class] members … sick leave at their base hourly rate." (*Id.*, ¶ 17.)

In addition, Plaintiffs allege that Amazon erroneously used "their base hourly rates when compensating [their] employees for violations of the meal and rest period requirements." (Doc. 1-4 at 6, ¶ 19.) According to Plaintiffs, when Amazon failed to allow employees "to take their meal and/or rest periods in accordance with Labor Code Section 226.7 and Wage Order 9-2001, [Amazon] maintained a policy or practice of paying break premiums in amounts that only included 'base hourly wages' in the 'regular rate' calculation." (*Id.* at 10, ¶ 32.) However, Plaintiffs maintain Amazon was required to "factor in other non-discretionary wages" under California law. (*Id.*) Thus, Plaintiffs allege the failure to include "shift differentials and other forms of remuneration" resulted their receipt of pay that did not comply with California's Wage Order 9-2001(11), which requires meal and rest period premiums to be paid at the "regular rate of compensation." (*Id.*, ¶¶ 18-20, 32.)

Plaintiffs contend that after their employment ended with Amazon, they did not receive "all wages earned and unpaid prior to termination, including sick pay wages and break premium wages at the time of the cessation of the employee-employer relationship in accordance with Labor Code Section 201 or 202." (Doc. 1-4 at 11-12, ¶ 39.) According to Plaintiffs, during the relevant period, Amazon willfully "maintain[ed] a policy or practice of not paying terminated employees all their final wages, including sick pay wages and break premium wages." (*Id.* at 12, ¶ 39.) Consequently, Plaintiffs assert

they are entitled to waiting time penalties under California Labor Code § 203, and the restitution of wages under California Business and Professions Code § 17200. (*See generally id.* at 12-14, ¶¶ 36-55.)

On February 26, 2021, Plaintiffs initiated this matter by filing a class action in Kern County Superior Court Case No. BCV-21-100433. (Doc. 1-4 at 2.) Plaintiffs seek to state claims on behalf of themselves "and other similarly situated persons who work or worked for Defendant Amazon.com Services, LLC … who earned non-discretionary compensation in addition to base hourly wages, including but not limited to shift differentials or non-discretionary incentive bonuses, and were subject to the policies of practices described…" (*Id.* at 3, ¶ 1.) Amazon initiated the action by filing a Notice of Removal on April 21, 2021. (Doc. 1.)

On May 26, 2021, the parties stipulated to a stay in the proceedings pending the California Supreme Court's decision in *Ferra v. Loews Hollywood Hotel, LLC*, 40 Cal.App.5th 1239 (2019), *review granted* 456 P.3d 415 (2020). On July 15, 2021, the California Supreme Court issued a decision "holding that the 'regular rate of compensation' at which meal period premiums must be paid 'encompasses all nondiscretionary payments, not just hourly wages' and ruling that the decision applies retroactively." (*See* Doc. 15 at 2.) Thereafter, the parties met and conferred regarding Amazon's "anticipated motion to transfer, stay, or dismiss the action and the deadline … to file its responsive pleading." (*Id.*) Although the Court granted the stipulation of the parties related to a briefing schedule (Doc. 16), the matter remain stayed.

Amazon filed the motion now pending before the Court on September 3, 2021. (Doc. 17.) Plaintiffs filed their opposition to the motion on September 29, 2021 (Doc. 24-3), to which Amazon filed a reply on October 20, 2021 (Doc. 30).

## II. Requests for Judicial Notice

The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Amazon requests that the Court take judicial notice of the following documents and orders in actions pending against Amazon in the Eastern District and Central District Courts:

    1. The First Amended Complaint in *Porter v. Amazon.com Services, LLC*, Case No. 2:20-cv-09496-JSV-SHK (C.D. Cal.), filed on November 30, 2020.

3

2. The court's Minute Order Regarding Motion to Dismiss, Motion to Stay in *Porter v. Amazon.com Services LLC*, entered on March 1, 2021.

3. The First Amended Complaint in *Clayborn v. Amazon.com Services LLC*, Case No. 5:20-cv-02368-JVS-SHK (C.D. Cal.), filed on August 16, 2021.

4. Amazon's Notice of Related Cases in *Clayborn. v. Amazon.com Services LLC*, filed on November 13, 2020.

5. The court's Order Regarding Transfer in *Clayborn v. Amazon.com Services LLC*, entered on November 16, 2020.

6. The parties' Joint Stipulation to Stay Action in *Clayborn. v. Amazon.com Services LLC et al.*, filed on December 11, 2020.

7. The First Amended Complaint in *Trevino, et al. v. Golden State FC LLC*, Lead Case No. 1:18-cv-00120-DAD-BAM (E.D. Cal.), filed on March 28, 2019.

8. The court's Findings and Recommendations Regarding Plaintiffs' Motion for Class Certification in *Trevino, et al. v. Golden State FC LLC*, filed on June 8, 2021.

(Doc. 18 at 2.) Similarly, Plaintiffs request that the Court take judicial notice of the following documents and orders filed in *Trevino* and *Porter*:

1. Order Denying Defendants' Motion to Transfer Venue from *Trevino v. Golden State FC LLC*, et al, Case No. 1:18-cv-00120-DAD-BAM (E.D. Cal. Dec. 12, 2019).

2. Notice of Motion and Motion by Defendant Amazon.com Services LLC to Dismiss Pursuant to Rule 12(B)(6) or Stay Action from *Porter v. Amazon.com Services, LLC*, Case No. 2:20-cv-09496-JVS (SHKx) (C.D. Cal. Jan. 15, 2021).

3. Amazon.com Services LLC's Reply in support of Motion to Dismiss Pursuant to Rule 12(B)(6) or Stay Action from *Porter v. Amazon.com Services, LLC*, Case No. 2:20-cv-09496-JVS (SHKx) (C.D. Cal. Feb. 26, 2021).

4. Order Granting Joint Stipulation Regarding Case Schedule in Light of Decision in *Ferra v. Loews Hollywood Hotel, LLC* from *Porter v. Amazon.com Services, LLC*, Case No. 2:20-cv-09496-JVS (SHKx) (C.D. Cal. Aug. 9, 2021).

5. Defendant Amazon.com Services LLC's Reply in support of Motion to Dismiss Pursuant to Rule 12(B)(6) or Stay Action from *Porter v. Amazon.com Services, LLC*, Case No. 2:20-cv-09496-JVS (SHKx) (C.D. Cal. Feb. 26, 2021).

6. Order Staying this Action from *Trevino v. Golden State FC LLC*, et al, Case No. 1:18- cv-00120-DAD-BAM (E.D. Cal. Aug. 27, 2021).

7. Application to File Amicus Brief; Division of Labor Standards Enforcement Amicus Brief filed in *Naranjo v. Spectrum Security Servs., Inc.,* Supreme Court of California Case No. S258966 (Aug. 27, 2020).

(Doc. 24-4 at 2-3.)

The records of court proceedings cannot reasonably be questioned, and judicial notice may be

taken of the Court's record and docket. *Mullis v. United States Bank. Ct*., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th. Cir. 1980). Accordingly, the Court will take judicial notice of the identified orders in *Trevino*, *Porter*, and *Clayborn*. In addition, the Court may take judicial notice of the arguments and allegations made in the identified pleading but declines to make judicial notice of the veracity of the allegations by the parties, which may be disputed. *See Lee v. City of Los Angeles,* 250 F.3d 668, 689-690 (9th Cir. 2001) (court is limited to taking judicial notice of undisputed matters and may not take judicial notice as to the validity or truth of disputed facts).

### III.     Other Litigation against Amazon

#### A.     Action in the Eastern District

On July 12, 2017, Juan Trevino initiated an action by filing a class action complaint against Amazon.com, Inc. and Golden State FC LLC in San Joaquin County Superior Court, which was amended on July 18, 2017. (*See* Case No.1:18-cv-0120-DAD-BAM, Doc. 1 at 2; Doc. 1-1 at 3.) The matter was removed to the Eastern District on September 13, 2017, thereby initiating Case No. 2:17-cv-01904-KJM-CKD. (*Id.*) In 2019, the Court consolidated *Trevino* with several other actions, including two that originated in the Central District: *Romeo Palma v. Golden State FC, LLC*, Case No. 1:18-cv-00121-DAD-BAM; (3) *Juan Avalos v. Amazon.com, LLC, et al*., Case No. 1:18-cv-00567-DAD-BAM; (4) *Brittany Hagman, et al. v. Amazon Fulfillment Services, Inc., et al.,* Case No. 1:18-cv-01176-DAD-BAM; and (5) *Christopher Ward, et al. v. Amazon, et al*., Case No. 1:17-cv-01300-DAD-BAM. (*See* Case No. 1:18-cv-0120-DAD-BAM, Doc. 54 at 2; *see also* Doc. 24-4 at 7.) Thereafter, the plaintiffs filed a Consolidated Class Action Complaint for wage and hour violations against Amazon and Golden State, which Plaintiff asserted was a subsidiary of Amazon. (*See* Case No.1:18-cv-0120-DAD-BAM, Doc. 55.)

On March 28, 2019, the *Trevino* plaintiffs filed a First Amended Consolidated Class Action Complaint, indicating they represented a class including "[a]ll individuals employed by Defendants at any time during the period of four (4) years prior July 12, 2017 and ending on the date of certification or as otherwise determined by the Court … who have been employed by Defendants as non-exempt

employees in California." (Doc. 18-7 at 7, ¶ 21.) The plaintiffs allege Amazon failed "to pay wages due for regular and overtime hours worked," pay wages at the required rates, provide compliant meal and rest periods, pay proper meal and rest period premiums "at the regular rate of pay for such periods," provide proper wage statements, and pay waiting time wages. (*Id.* at 3, 7 ¶¶ 1, 21-22.) Amazon requested the consolidated action be transferred to the Central District, and the motion was denied. (Doc. 24-4 at 5-15.)

On November 26, 2019, the *Trevino* plaintiffs filed a motion for class certification. (*See* Case No.1:18-cv-0120-DAD-BAM, Doc. 98.) The Court issued findings and recommendations that the motion for certification be granted in part on June 8, 2021. (Doc. 18-8 at 2; *see also* Case No. 1:18-cv-0120-DAD-BAM, Doc. 166.) The Court recommended certification of the following classes:

> **Invalid Second Meal Period Waiver Class** (Class 6) defined as: All non-exempt employees employed by Amazon.com Services, Inc. or Amazon.com, Inc. at any of Defendants' facilities in California at any time during the period from July 12, 2014 and ending on the date of certification or as otherwise determined by the Court who signed any meal period waiver in the forms attached as Exhibit 12 to the Declaration of Peter R. Dion- Kindem in Support of Motion for Class Certification and worked more than 10 hours in a day, did not receive a second 30 minute meal period, and did not receive one hour of pay at the class member's regular rate of compensation for such day.
>
> **Direct Violation of Section 226(a)(2) Wage Statement Class** (Class 8) defined as: All non-exempt employees employed by Amazon.com Services, Inc. or Amazon.com, Inc. in California at any time during the period from July 12, 2016 and December 31, 2018 who did not receive an itemized statement in writing accurately showing the total hours worked by the employee where the wage statements reflect a line item for regular hours worked and at least one other line item for other types of hours worked other than regular overtime or double time, such as shift differential hours worked.
>
> **Derivative Wage Statement Class** (Class 9) defined as: All members of Class 6 who, during the period from July 12, 2016 and ending on the date of certification or as otherwise determined by the Court, were not provided with accurate itemized wage statements with all the information required by Labor Code Section 226(a)(1), (2), (5) and (9).
>
> **Section 203 Subclass** (Class 10) defined as: All members of Class 6 who, during the period from July 12, 2014 and ending on the date of certification or as otherwise determined by the Court, were either voluntarily or involuntarily separated from their employment and did not timely receive all wages owing pursuant to Labor Code Section 201 or 202.
>
> **UCL Class** (Class 11) defined as: All non-exempt employees employed by Amazon.com Services, Inc. or Amazon.com, Inc. at any of Defendants' facilities in California at any time during the period from July 12, 2013 and ending on the date of certification or as otherwise determined by the Court who are owed restitution as a result of Defendants' business acts and practices that are found to be unlawful, deceptive, and/or unfair.

(Doc. 18-8 at 47-48.)  The Court recommended certification be denied for classes related to unpaid wages related to mandatory exit security procedure, unpaid wages for controlled meal periods, meal period violations for controlled periods, rest period violations for controlled breaks, improper rounding of wages, and a third rest period.  (*Id.* at 47.)  On August 27, 2021, the Court stayed *Trevino* pending rehearing by the Ninth Circuit in *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods, LLC*, because the magistrate judge relied upon a decision that has since been vacated to address the burden of proof of the plaintiffs.  (*See id.* at 27-28; Doc. 24-4 at 85-86.)

### B. Actions in the Central District

While the motion for class certification was pending in *Trevino*, two class action cases were initiated in the Central District of California against Amazon: *Christopher Porter v. Amazon.com Services, LLC*, Case No. 2:20-cv-0946-JVS-SHK (filed August 25, 2020), and *Terrence Clayborn v. Amazon.com Services, LLC*, Case No. 5:20-cv-02368-JVS-SHK (filed Sept. 29, 2020).

#### 1. *Porter* allegations and status

In *Porter,* the plaintiff asserts he and other employees of Amazon suffered wage and hour violations, including Amazon "failing to pay meal break premiums at the correct rate of compensation" and "failing to pay the correct sick pay compensation."  (Doc. 18-1 at 10, ¶ 32.)  In addition, Porter contends Amazon failed to pay all wages due at the end of employment, violated applicable wage orders by not providing accurate itemized wage statements, failed to indemnify employees for expenses, and violated Cal. Bus. & Professions Section 17200.  (*Id.*)  Thus, Porter seeks to state claims on behalf of himself and a class including: "All persons who are employed or have been employed by Defendants in the state of California and who are/were not classified as 'Exempt' or primarily employed in executive, professional, or administrative capacities within four (4) years prior to the date this lawsuit is filed ('liability period') until resolution of [the] lawsuit…"  (*Id.* at 8, ¶ 26.)

Amazon requested the matter be stayed pending resolution of *Ferra* in the state court and *Trevino* in the Eastern District.  (*See* Doc. 18-2 at 5.)  The court observed that *Porter* and *Trevino* involve "a similar set of claims in that the operative complaint in each asserts claims against Amazon for failure to pay meal premiums, provide compliant wage statements, and timely pay wages due at termination."  (*Id.* at 7.)  The court noted: "Should the California Supreme Court rule that the definition

of 'regular rate of compensation' is limited in such a way as to preclude Porter's claim, then the core similarity … will be eliminated." (*Id.*)  Therefore, the Central District determined it was "prudent to first wait for the decision in Ferra since it may obviate any relation between [Porter's claims] and Trevino." (*Id.*)  Although the decision was issued in *Ferra,* the stay has not been lifted in *Porter*.  On October 6, 2021, court approved a stipulation of the parties to extend the stay until December 9, 2021, at which time the parties are directed to advise the Central District court "of any progress in *Trevino* or agreements reached during the stay…" (*Porter,* Case No. 2:20-09496-JVS-SKH, Doc. 34 at 2[2].)

### 2. *Clayborn* allegations and status

In *Clayborn*, the plaintiff is also a former employee of Amazon and seeks to hold the company liable for wage and hour violations. (Doc. 18-3 at 4, ¶¶ 8-9.)  Clayborn seeks to represent classes including: (1) "[a]ll current and former non-exempt employees of Defendants in the State of California who worked 5 hours or more in any shift and were paid non-discretionary remuneration and their base hourly rate during the same workweek, at any time from April 6, 2016, through the present" and (2) "[a]ll current and former employees of Defendants in the State of California who were issued wage statements identifying Amazon.com Services, Inc. as the employer at any time from April 6, 2019, through the present." (*Id.* at 6-7, ¶ 19.)

Clayborn asserts Amazon "(a) failed to pay employees meal period premiums at the correct regular rate of pay that included all non-discretionary remuneration, in violation of Labor Code §§ 201-203, 226.7, and 512; (b) failed to provide accurate itemized wage statements, in violation of Labor Code § 226; and (c) engaged in Unfair Business Practices in violation of the UCL, the California Labor Code, and the applicable IWC Wage Orders." (Doc. 18-3 at 7, ¶ 20.)  Specifically, Clayborn contends Amazon "paid Plaintiff meal period premiums calculated at one hour of Plaintiff's base rate of pay for each missed or late meal break," while the "premiums should have been calculated at Plaintiff's regular rate of pay, incorporating all non- discretionary remuneration earned into the calculation of the regular rate." (*Id.* at 8, ¶ 25, emphasis omitted.)  Thus, Clayborn asserts employees are owed wages and are

---

[2] As discussed above, records of court proceedings cannot reasonably be questioned, and judicial notice may be taken of a court's record and docket.  Accordingly, the Court takes judicial notice of the order dated October 6, 2021 in *Porter*.

entitled to waiting time penalties. (*Id.*) Clayborn also contends employees received improper wage statements identifying "Amazon.com Services, Inc." as the employer, while such company "is not registered to do business in California" and not registered as a fictitious business name. (*Id.*)

Clayborn and Amazon stipulated to the matter being stayed pending resolution of *Ferra*, and the court stayed the matter on December 11, 2020. (*See* Doc. 18-6; Case No. 5:20-cv-02368-JVS-SHK, Doc. 14 at 2[3].) Following the state court's decision in *Ferra*, Amazon moved to dismiss several causes of action from Clayborn's complaint and requested that any surviving claims be stayed "pending the resolution of two earlier-filed putative wage and hour class and Private Attorneys General Act ("PAGA") actions:" *Porter* and *Trevino*. (Case No. 5:20-cv-02368-JVS-SHK, Doc. 19 at 2.) The matter is now fully brief, and the court has not issued a decision on Amazon's motion.

**IV.     Motion to Transfer**

Amazon asserts the case should be transferred to the Central District of California, where *Porter* and *Clayborn* are pending, "under the first-to-file rule." (Doc. 17 at 16.) In addition, Amazon contends transfer is appropriate under Section 1404(a). (*Id.* at 20-21.)

**A.     First-to-file Rule**

Pursuant to the first-to-file rule, Court has "discretion to transfer, stay, or dismiss" duplicative actions "in the interest of efficiency and judicial economy." *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The Ninth Circuit Court of Appeals explained the first-to-file rule as follows:

> There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. [internal citations omitted]. . . . Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action.

*Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *see also Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) (explaining the rule promotes efficiency, avoids placing an unnecessary burden on the federal judiciary, and avoids

---

[3] For the reasons set forth above, judicial notice is taken of the Court's orders and relevant documents filed in *Clayborn*, Case No. 5:20-cv-02368-JVS-SHK.

embarrassment of conflicting judgments).  Given the purposes of the rule, the rule should not be disregarded lightly.  *Id.*

To determine whether the first-to-file rule applies, the Court considers three factors: (1) chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues. *Wright v. RBC Capital Mkts. Corp.*, 2010 WL 2599010 at *5 (E.D. Cal. June 24, 2010); *see also Pacesetter,* 678 F.2d at 95.  However, the "first to file rule is not 'a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration.'" *Medlock v. HMS Host USA, Inc*., 2010 WL 5232990 at *3 (E.D. Cal. Dec. 15, 2010) (quoting *Pacesetter*, 678 F.2d at 94-95).  For example, a court may relax the "first to file" rule if the balance of convenience weighs in favor of the later-filed action.  *See Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622, 623 (9th Cir. 1991).  The Ninth Circuit cautioned the convenience of the two courts normally "should be addressed to the court in the first filed action," rather than to the court in the later-filed action, while it may be appropriate "in the second-filed action to give consideration to the convenience of the parties and witnesses." *Id.*

In determining which party filed an action first for purposes of the first to file rule, courts focus on the date upon which the party filed its original, rather than its amended complaint. *See Mattel, Inc. v. Louis Marx & Co., Inc*., 353 F.2d 421, 424 (2d Cir. 1965), *cert. denied* 385 U.S. 948 (1966).  Here, it is undisputed that *Trevino* was the first to be filed among the identified cases, because it was filed in the state court in 2017, and *Porter* and *Clayborn* were filed in 2020.  Thus, this factor does not favor application of the first-to-file rule.

In addition, the similarity of the actions does not favor a transfer.  In each of the actions, the plaintiffs seek to represent individuals who were employed by Amazon and allege failure to pay employees the regular rate of pay for meal and rest periods, violations of the California Business and Professions Code, and seek waiting time penalties.  The similarities between the putative class members and factual allegations presented in the First Amended Complaint in *Trevino* and the instant action favor the instant action remaining in the Eastern District.  Accordingly, application of the first-to-file rule favors the denial of a transfer to the Central District.

///

### B. Transfer under Section 1404(a)

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice. "[T]he purpose of [Section 1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted). The Supreme Court explained the Section 1404(a) analysis should be an "individualized, case-by-case consideration of convenience and fairness." *Id.*, 376 U.S. at 622. Accordingly, courts consider several factors, including:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The burden is on the moving party to show a transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Under Section 1404(a), whether to grant a change of venue is within the discretion of a district court. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (explaining the determination of venue "involves subtle considerations and is best left to the discretion of the trial judge").

#### 1. Convenience of the parties

Evaluating the parties' convenience under Section 1404(a), the Court considers Plaintiffs' choice of forum, the parties' contacts with the forum, and the contacts relating to Plaintiffs' claims in the chosen forum. *Jones v. GNC Franchising*, 211 F.3d 495, 498-99 (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000). The Ninth Circuit explained the Court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Id.*, 211 F.3d at 498. In general, a plaintiff's choice of forum is given substantial weight, because courts attach a "strong presumption in favor of [the] plaintiff's choice of forum." *Piper Aircraft v. Reyno*, 454 U.S. 235, 255

(1981); *Decker Coal*, 805 F.2d at 843. However, the deference accorded to a plaintiff's choice of forum may be lessened in a class action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Plaintiffs elected to file their action in Kern County Superior Court, which was then removed to the Eastern District. In addition, Plaintiffs assert the action should remain in the Eastern District and not be transferred. (*See generally* Doc. 24-3 at 26-28.) Roman is a resident of Kern County and worked at an Amazon distribution center in Bakersfield, California, which is within the Eastern District Court. (Doc. 1-4 at 4, ¶ 6.) Corina is a resident of Riverside County and was employed at the Amazon distribution center in Riverside, California, which is within the Central District. (*Id.*, ¶ 7.) Thus, the plaintiffs and Amazon have ties to both forums, and there is no showing by Amazon that it has greater contact with the Central District. Consequently, the Court finds Plaintiffs' choice of forum weighs against the transfer. *See Ravelo Monegro v. Rosa,* 211 F.3d 509, 513 (9th Cir. 2000) (referring to the "strong presumption" in favor of the plaintiff's choice of forum).

### 2. Convenience of the witnesses

Convenience for witnesses is one of the most important factors in the determination of whether to grant a change of venue. *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). To show inconvenience for witnesses, "the moving party should state the witnesses' identities, locations, and content and relevance of their testimony." *Meyer Mfg. Co. Ltd. v. Telebrands Corp*., 2012 WL 1189765 at *6 (E.D. Cal. 2012) (citing *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092-93 (N.D. Cal. 2002); *see also E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) ("[a]ffidavits or declarations are required to identify key witnesses and a generalized statement of their anticipated testimony"). Notably, however, Amazon has not identified the location of any witnesses or their potential testimony to demonstrate the convenience of the witnesses would be greater for the Central District than the Eastern District. (*See generally* Doc. 17 at 10-21.) Thus, this factor does not favor a transfer.

### 3. Interest of Justice

"Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly and Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)

(citation omitted). Evaluating the interest of justice, Court considers the ease of access to evidence; familiarity of the forums with the applicable law; and the differences in litigation in each forum, including court congestion and time of trial. *Burke v. USF Reddaway, Inc.*, 2013 WL 85428, at *5 (E.D. Cal. Jan. 8, 2013) (citing *Jones*, 211 F.3d at 498-99). Also, the Court may consider the existence of a pending related action in the forum to which transfer has been proposed. *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1259 (W.D. Wash. 2005).

### a.  Ease to access to evidence

Amazon has not identified any evidence that is located in the Central District and does not argue access to the evidence would be greater if a transfer is granted. On the other hand, the parties in *Trevino* have engaged in class discovery related to alleged wage and hour violations, and it appears the parties would have easy access to evidence in the Eastern District. Therefore, this factor weighs against the requested transfer.

### b.  Pendency of a related action

The Supreme Court explained: "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). Thus, the Ninth Circuit determined "the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974).

Amazon contends, "Absent a transfer, Amazon would be forced to litigate Plaintiffs' claims nearly simultaneously in two fora, which would plainly give rise to overlapping arguments, discovery, briefs, and rulings at virtually every stage in the litigation." (Doc. 17 at 21.) However, as discussed above, there is a related action pending in the Eastern District and two related actions are pending in the Central District. Amazon acknowledges: "All three of the earlier-filed actions allege that Amazon was required to pay meal period premiums at the regular rate of pay and that Amazon failed to timely pay wages due at termination. Moreover, all three seek class-wide damages on these theories, against the same defendant, and on behalf of members of the same employee populations." (*Id.* at 22.) Thus,

whether transfer is granted, the company is litigating similar claims in the Eastern District and the Central District. Because the Eastern District action was the first and the parties in *Trevino* have engaged in class discovery, this factor does not support a transfer.

### c. Familiarity of the forums with applicable law

There is no evidence to suggest that the Central District is more familiar with the applicable state laws and wage orders than the Eastern District. Therefore, this factor does not favor a transfer from the forum.

### d. Court congestion in each forum

The Court must consider "the administrative difficulties flowing from court congestion" when considering the interest of justice. *Decker Coal*, 805 F.2d at 843 (citing *Piper Aircraft*, 454 U.S. at 255). As of last year, data for the district courts indicates the median time interval between filing and disposition was 5.0 months for the Central District and 9.2 months for the Eastern District. United States Courts, "Table C-5: U.S. District Courts— Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2020," available at https://www.uscourts.gov/sites/default/files/data_tables/jb_c5_0930.2020.pdf (last visited November 3, 2021). For cases that required trials, the median time was extended to 23.2 months for the Central District and 33.5 months in the Eastern District. *Id*. Recognizing the congestion in this Court, this factor weighs in favor of transfer to the Central District.

### 4. Conclusion

Based upon the foregoing, the Court finds the convenience of the parties and witnesses in the action do not weigh in favor of transferring the action to the Central District. In addition, the factors related to the interest of justice weigh in favor of the matter remaining in the Eastern District, despite the current congestion of the Court. Accordingly, Amazon fails to carry the burden to demonstrate the matter should be transferred to the Central District pursuant to Section 1404(a).

## V. Motion to Stay

If the Court declines to transfer the action, Amazon requests the case be stayed pending resolution of *Trevino*, *Porter*, and *Clayborn*. (Doc. 17 at 21-23.) Plaintiffs oppose a stay, asserting that Amazon has engaged in "procedural wrangling," which "had the purpose and effect of bringing all

litigation against it to a standstill." (Doc. 24-3 at 29.)

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party, the hardship or inequity to the moving party if the action is not stayed, and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. *Id.*

The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997), citing *Landis*, 299 U.S. at 255. The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The decision whether to grant or deny a stay is committed to the Court's discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

### A. Potential prejudice to Plaintiffs

Amazon asserts that "Plaintiffs will not be harmed by a stay," because the complaint does not include any "new theories or claims that are not already being litigated in *Porter*, *Clayborn*, or *Trevino*." (Doc. 17 at 23.) Amazon acknowledges that "at best, Plaintiffs may not recover damages as quickly if this case is stayed" but also contends "[a] delay in recovering monetary damages is not sufficient harm to warrant denying a stay." (*Id.*, quoting *Reynolds v. Geico Corp.*, 2017 WL 815238, at *2 (D. Or. Mar. 1, 2017); *see also CMAX*, 300 F.2d at 268–69.) Notably, in their opposition to the request for a stay, Plaintiffs do not assert they will suffer any prejudice from the entry of a stay. (*See* Doc. 24-3 at 29.) Accordingly, the Court finds this factor favors the entry of a stay.

### B. Hardship or inequity

Amazon asserts that "his Court may order a stay based upon "the hardship and inequity" that Amazon will face by "having to unnecessarily litigate a case" involving similar claims. (Doc. 17 at

23, quoting *Bangor Hydro Elec. Co. v. Bridgewell Res., LLC*, 2011 WL 13250919, at *3-4 (D. Or. July 20, 2011); *Kelley v. Colonial Penn Life Ins. Co*, 2020 WL 6150922, at *6 (C.D. Cal. July 13, 2020).) Amazon contends, "even if *Porter* and *Clayborn* are ultimately stayed pending *Trevino*, the overlap between this case and *Trevino* is significant enough to warrant a stay on its own as well." (*Id.*) On the other hand, Plaintiffs have not identified any hardship or inequity that would result from the entry of a stay. (*See* Doc. 24-3 at 29.) Therefore, the Court finds this factor favors a stay.

### C. Judicial efficiency

Amazon asserts that judicial efficiency supports a stay, because resolution of the prior actions "is very likely to simplify the issues, proof, and questions of law in this action." (Doc. 17 at 22, quotation marks, modifications omitted.) Amazon observes that in *Trevino* and here, the plaintiffs "bring claims for alleged failure to pay meal and rest break premiums at the regular rate of pay, waiting time penalties, and equitable relief under the UCL." (*Id.*) Further, Amazon notes that "the scope of certified claims is unsettled" until a final class certification order is issued. (*Id.*, n.5.) According to Amazon, resolution of the pending claims in *Trevino* "will indisputably impact the instant action." (*Id.*) Amazon also asserts "Plaintiffs cannot dispute that any final resolution of *Porter* or *Clayborn* would likely impact the viability of nearly all the claims asserted in this action," and "resolution of the earlier-filed actions may significantly narrow the scope of Plaintiffs' claims." (*Id.* at 22-23.)

Significantly, as Amazon notes, the *Trevino* findings and recommendations on the motion for class certification claims are currently pending. In *Trevino*, the plaintiffs originally sought to represent "[a]ll individuals employed by Defendants at any time during the period of four (4) years prior July 12, 2017 and ending on the date of certification or as otherwise determined by the Court … who have been employed by Defendants as non-exempt employees in California." (Doc. 18-7 at 7, ¶ 21.) The *Trevino* plaintiffs also alleged "Amazon failed "to pay wages due for regular and overtime hours worked," pay wages at the required rates, provide compliant meal and rest periods, pay proper meal and rest period premiums "at the regular rate of pay for such periods," provide proper wage statements, and pay waiting time wages. (*Id.* at 3, 7 ¶¶ 1, 21-22.) Plaintiffs raise similar claims, and, based upon the allegations in the First Amended Complaint in *Trevino*, Plaintiffs were included in the putative class. On the other hand, the recommended class definitions are more narrow in *Trevino*, and

16

it is unclear the extent to which Plaintiffs' claims may be included, particularly in the "Invalid Second Meal Period Waiver Class," "Section 203 Subclass," and "UCL Class." (*See* Doc. 18-8 at 47-48.) For example, the *Trevino* class definition related to the meal period violation includes those who signed meal period waivers and "did not receive one hour of pay at the class member's regular rate of compensation for such day." (*Id.*) Here, Plaintiffs assert they received compensation for the meal periods, but the amount was not properly calculated at the "regular rate of compensation." (*See* Doc. 1-4 at 6, ¶ 19.) Plaintiffs acknowledge that "[i]f a settlement or judgment occurs in *Trevino*, it will significantly if not entirely wipe out Plaintiffs' claims here." (Doc. 24-3 at 28.) It follows that a settlement or judgment in *Trevino* could encompass the claims in *Porter* and *Clayborn*, which are nearly identical to the claims alleged by Plaintiffs.

### D. Conclusion

Amazon has carried the burden to show the factors set forth above favor the entry of a stay. A final order on class certification in *Trevino* would define the scope of the classes and clarify the extent to which the claims of Plaintiffs and the putative class may be "wipe[d] out" by *Trevino*. On the other hand, Amazon fails to show a stay pending resolution of *Porter* or *Clayborn* would clarify any issues or conserve judicial resources.[4] Accordingly, the Court finds the entry of a stay pending resolution of the motion for class certification is appropriate and exercises its discretion to grant the requested stay in part.

## VI. Conclusion and Order

Based upon the foregoing, the Court finds Amazon failed to demonstrate a transfer is appropriate. Because the entry of a stay is appropriate, the Court declines to make any findings related to dismissal of claims under Rule 12(b)(6). Accordingly, the Court **ORDERS**:

1. The motion to transfer to the Central District of California is **DENIED** without prejudice;
2. The motion to stay is **GRANTED** in part;

---

[4] On the other hand, if the motion for class certification is resolved with the claims of Plaintiffs being excluded from *Trevino*, judicial resources may be conserved by a transfer to the Central District.

3. The matter is **STAYED** pending resolution of the motion for class certification in *Trevino*; and

4. The parties are **ORDERED** to file a joint status report within 14 days of the Court's order addressing the Findings and Recommendations in *Trevino*.

IT IS SO ORDERED.

Dated:  **November 4, 2021**                    _ /s/ Jennifer L. Thurston
                                                                    CHIEF UNITED STATES MAGISTRATE JUDGE